1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIAM BAXMAN,

11              Petitioner,              No. CIV S-11-1724 EFB P

12        vs.

13   G. SWARTHOUT, Warden,
                                    ORDER AND
14              Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus.  *See* 28

17   U.S.C. § 2254.   He challenges the decision of the California Board of Parole Hearings ("Board")

18   to deny him parole at a parole consideration hearing held on January 15, 2010.  Dckt. No. 1 at

19   16, 38, 198.[1]  He claims that the Board's 2010 decision was unconstitutional because it was not

20   supported by some evidence of petitioner's current dangerousness, and because it denied parole

21   for three years pursuant to Marsy's Law, in violation of the Ex Post Facto Clause.  *Id.*  This

22   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

23        Petitioner seeks leave to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(a).

24   Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford the costs

25   _____

26        [1]  For ease of reference, all references to page numbers in the petition are to those
     assigned via the court's electronic filing system.

1

of suit.  Therefore, the request will be granted.  *See* 28 U.S.C. § 1915(a).  However, for the reasons explained below, the court finds that petitioner's application for a writ of habeas corpus must be dismissed.  *See* Rule 4, Rules Governing § 2254 Cases (requiring summary dismissal of habeas petition if, upon initial review by a judge, it plainly appears "that the petitioner is not entitled to relief in the district court").

## I.      Due Process Claim

Petitioner alleges that the Board's decision violated his right to due process because it was not supported by some evidence of petitioner's current dangerousness.   Under California law, a prisoner is entitled to release unless there is "some evidence" of his or her current dangerousness.  *In re Lawrence*, 44 Cal. 4th 1181, 1205-06, 1210 (2008); *In re Rosenkrantz*, 29 Cal. 4th 696, 651-53 (2002).  According to the United States Supreme Court, however, federal habeas review of a parole denial is limited to the narrow question of whether a petitioner has received "fair procedures."  *Swarthout v. Cooke*, 526 U.S. __ , ___, 131 S.Ct. 859, 862 (2011). In other words, a federal court may only review whether a petitioner has received a meaningful opportunity to be heard and a statement of reasons why parole was denied.  *Id.* (federal due process satisfied where petitioners were "allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied").  Thus, this court may not review whether the Board correctly applied California's "some evidence" standard.  *Id.* at 861.

Petitioner does not allege that he was not afforded constitutionally adequate process as defined in *Swarthout*--that is, that he was denied a meaningful opportunity to be heard or a statement of reasons why the Board denied him parole.  Rather, it appears from the petition that petitioner was given the opportunity to be heard at his 2010 parole suitability hearing and received a statement of the reasons why parole was denied.  *See* Dckt. No. 1 at 198-281 (noting both petitioner's participation in the hearing and the Board's reasons for denying parole).  This is all that due process requires.  *Swarthout*, 131 S.Ct. at 862-63.  Accordingly, petitioner is not

1  entitled to relief on this claim.

2  **II.    Ex Post Facto Claim**

3      Petitioner claims the Board violated the Ex Post Facto Clause by denying him parole for

4  three years pursuant to Marsy's Law.  As discussed below, the court finds this claim should be

5  dismissed because petitioner is already a member of a class action – *Gilman v. Fisher*, No. Civ.

6  S-05-830 LKK GGH –  which addresses this issue.[2]

7      Marsy's Law, approved by California voters in November 2008, amended California's

8  law governing parole deferral periods.  *See Gilman v. Davis*, 690 F. Supp.2d 1105, 1109-13

9  (E.D. Cal. 2010) (granting plaintiffs' motion for preliminary injunction to enjoin enforcement of

10  Marsy's Law, to the extent it amended former California Penal Code section 3041.5(b)(2)(A)),

11  *rev'd sub nom. Gilman v. Schwarzenegger*, 638 F.3d 1101 (9th Cir. 2011).  Prior to Marsy's

12  Law, the Board deferred subsequent parole suitability hearings to indeterminately-sentenced

13  inmates for one year unless the Board determined it was unreasonable to expect that parole could

14  be granted the following year, in which case the Board could defer the subsequent parole

15  suitability hearing for up to five years.  Cal. Pen. Code § 3041.5(b)(2) (2008).  Marsy's Law,

16  which applied to petitioner at his 2010 parole suitability hearing, amended section 3041.5(b)(2)

17  to impose a minimum deferral period of three years, and to authorize the Board's deferral of a

18  subsequent parole hearing for up to seven, ten, or fifteen years.  *Id.* § 3041.5(b)(3) (2010).

19      The Constitution provides that "No State shall . . . pass any . . . ex post facto Law."  U.S.

20  Const. art. I, § 10.  A law violates the Ex Post Facto Clause of the United States Constitution if

21  it: (1) punishes as criminal an act that was not criminal when it was committed; (2) makes a

22  crime's punishment greater than when the crime was committed; or (3) deprives a person of a

23  defense available at the time the crime was committed.  *Collins v. Youngblood*, 497 U.S. 37, 52

24  (1990).  The Ex Post Facto Clause "is aimed at laws that retroactively alter the definition of

25

26      [2]A court may take judicial notice of court records.  *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

1  crimes or increase the punishment for criminal acts." *Himes v. Thompson*, 336 F.3d 848, 854

2  (9th Cir. 2003) (quoting *Souch v. Schaivo*, 289 F.3d 616, 620 (9th Cir. 2002)). *See also Cal.*

3  *Dep't of Corr. v. Morales*, 514 U.S. 499, 504 (1995). The Ex Post Facto Clause is also violated

4  if: (1) state regulations have been applied retroactively; and (2) the new regulations have created

5  a "sufficient risk" of increasing the punishment attached to the crimes. *Himes*, 336 F.3d at 854.

6  The retroactive application of a change in state parole procedures violates ex post facto only if

7  there exists a "significant risk" that such application will increase the punishment for the crime.

8  *See Garner v. Jones*, 529 U.S. 244, 259 (2000).

9       In a class action for injunctive relief certified under Rule 23(b)(2) of the Federal Rules of

10  Civil Procedure, a court may, but is not required, to permit members to opt-out of the suit.

11  *Crawford v. Honig*, 37 F.3d 485, 487 n.2 (9th Cir. 1994). In certifying the *Gilman* class, the

12  district court found that plaintiffs satisfied Rule 23(a) and Rule 23(b)(2)'s requirement that "the

13  party opposing the class has acted or refused to act on grounds that apply generally to the class,

14  so that final injunctive relief or corresponding declaratory relief is appropriate respecting the

15  class as a whole." *See Gilman v. Fisher*, No. Civ. S-05-830 LKK GGH ("*Gilman*"), Dckt. No.

16  182 (March 4, 2009 Order certifying class pursuant to Rule 23(b)(2) of the Federal Rules of

17  Civil Procedure), Dckt. No. 257 (June 3, 2010 Ninth Circuit Court of Appeals Memorandum

18  affirming district court's order certifying class). According to the district court in *Gilman*, its

19  members "may not maintain a separate, individual suit for equitable relief involving the same

20  subject matter of the class action." *Gilman*, Dckt. No. 296 (December 10, 2010 Order) at 2; *see*

21  *also* Dckt. No. 278 (October 1, 2010 Order), Dckt. No. 276 (September 28, 2010 Order), Dckt.

22  No. 274 (September 23, 2010 Order).

23       One of the plaintiffs' claims in *Gilman* is that Marsy's Law's amendments to section

24  3041.5(b)(2) regarding parole deferral periods violates the Ex Post Facto Clause because "when

25  applied retroactively, [they] create a significant risk of increasing the measure of punishment

26  attached to the original crime." *Gilman*, Dckt. No. 154-1 (Fourth Amended/Supplemental

4

1   Complaint), Dckt. No. 183 (March 4, 2009 Order granting plaintiff's motion for leave to file

2   Fourth Amended/Supplemental Complaint).  With respect to this ex post facto claim, the class in

3   *Gilman* is comprised of  "all California state prisoners who have been sentenced to a life term

4   with possibility of parole for an offense that occurred before November 4, 2008."  *Gilman*, Dckt.

5   No. 340 (April 25, 2011 Order amending definition of class).  The *Gilman* plaintiffs seek

6   declaratory and injunctive relief, including a permanent injunction enjoining the Board from

7   enforcing Marsy's Law's amendments to section 3041.5(b) and requiring that the Board conduct

8   a new parole consideration hearing for each member of the class.  *Gilman*, Dckt. No. 154-1

9   (Fourth Amended/Supplemental Complaint) at 14.

10          Here, petitioner alleges he is a California state prisoner who was sentenced to a life term

11   with the possibility of parole for an offense that occurred before November 4, 2008.  Dckt. No. 1

12   at 1.  Accepting petitioner's allegations as true, he is a member of the *Gilman* class.  Petitioner

13   asks the court to issue a writ of habeas corpus, *id.* at 39, but even if the court found that the

14   Board's five-year deferral of petitioner's next parole suitability hearing violated the Ex Post

15   Facto Clause, it would not entitle petitioner to release on parole.  Because the ex post facto claim

16   concerns only the *timing* of petitioner's next suitability hearing, success on this claim would not

17   necessarily result in determinations that petitioner is suitable for parole and should be released

18   from custody.  Rather, petitioner's equitable relief would be limited to an order directing the

19   Board to conduct a new parole suitability hearing and enjoining the Board from enforcing any

20   unconstitutional provisions of Marsy's Law.  This is the same relief petitioner would be entitled

21   to as a member of the *Gilman* class action.  *See Gilman*, Dckt. No. 154-1 (Fourth

22   Amended/Supplemental Complaint) at 14.

23          Accordingly, the court finds that petitioner's rights will "be fully protected by his

24   participation as a class member" in *Gilman*, and will therefore dismiss petitioner's ex post facto

25   claim.  *See Crawford v. Bell*, 599 F.2d 890, 892 (9th Cir. 1979); *see also McNeil v. Guthrie*, 945

26   F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from

1  alleged unconstitutional prison conditions cannot be brought where there is an existing class

2  action."); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (per curiam) ("To allow

3  individual suits would interfere with the orderly administration of the class action and risk

4  inconsistent adjudications.").

5  **III.**  **Conclusion**

6        Based on the foregoing, the court concludes that the petition should be summarily

7  dismissed for failure to state a cognizable claim.  There is no basis for concluding that a tenable

8  claim for relief could be pleaded if leave to amend were granted.  *See Jarvis v. Nelson*, 440 F.2d

9  13, 14 (9th Cir. 1971) (petition for habeas corpus should not be dismissed without leave to

10  amend unless it appears that no tenable claim for relief can be pleaded were such leave granted).

11        Accordingly, it is hereby ORDERED that:

12        1.  The Clerk is directed to randomly assign a United States District judge to this action;

13  and

14        2.  Petitioner's request for leave to proceed *in forma pauperis* is granted.

15        Further, it is hereby RECOMMENDED that:

16        1.  Petitioner's application for a writ of habeas corpus be dismissed; and

17        2.  The Clerk be directed to close the case.

18        These findings and recommendations are submitted to the United States District Judge

19  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

20  after being served with these findings and recommendations, petitioner may file written

21  objections with the court.  Such a document should be captioned "Objections to Magistrate

22  Judge's Findings and Recommendations."  Failure to file objections within the specified time

23  may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455

24  (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

25        In any objections he elects to file, petitioner may address whether a certificate of

26  appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule

11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as denial of parole by the parole board).

DATED:  December 13, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE